**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-6784**

_____

TROY LUKE BURKS,

Plaintiff - Appellant,

versus

JOHN PATE, Acting Warden; BETTY E. ALBRITTON,
Disciplinary Hearing Officer; P. FELDER, Unit
Sergeant,

Defendants - Appellees.

_____

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Henry M. Herlong, Jr., District
Judge.  (CA-02-4014-3-20)

_____

Submitted:  October 1, 2004         Decided:  January 5, 2005

_____

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

_____

Affirmed in part; vacated and remanded in part by unpublished per
curiam opinion.

_____

Troy Luke Burks, Appellant Pro Se.  Isaac McDuffie Stone, III, LAW
OFFICE OF MCDUFFIE STONE, L.L.C., Bluffton, South Carolina, for
Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Troy Luke Burks, a South Carolina inmate, appeals from the district court's order granting summary judgment in favor of the Defendants on his 42 U.S.C. § 1983 (2000) complaint. We affirm in part, vacate in part, and remand for further proceedings.

On April 5, 2002, while an inmate at Allendale Correctional Institution, Burks was attacked by five inmates who entered his cell. According to Burks, when the inmates approached his open cell door:

> I . . . used the empty locker sitting by the door to try to block them out and bang it against the door to alert Sgt. Felder who was sitting down stairs less than 10 feet away . . . . When I started banging the metal locker against the door everyone stood facing my door including Sgt. Felder who disappeared under the walkway because he was afraid to intervene out of fear of being injured due to the fact he was alone . . . . Everyone in the dorm including Sgt. Felder was attracked [sic] to take a look up at the loud noise and fury of movement when nothing else was going on.

Burks also submitted an affidavit from Ricky Johnson, an inmate who witnessed the attack, stating that:

> On April 5, 2002, . . . while sitting on the T.V. benches with other inmates, I noticed and heard (5) five muslim inmates running up in inmate Troy Burks room upstairs . . . . As they ran in, it appeared they were being pushed back by some metal locker which was making a loud banging noise . . . . After approximately 5 minutes of pushing and loud cursing and threatening remarks from the 5 muslim inmates, they were able to over power inmate Burks and enter his room . . . . I notice Sgt. Felder was standing and looking up at the assault but instead returned back to his desk and sit back down, out of sight.

- 2 -

After the attack, Burks located Sgt. Felder and requested medical attention; Burks was treated at a local emergency room and released. Burks' medical records reveal that he was stabbed in the face and upper left chest area with a twelve-inch shank, requiring multiple stitches in both areas.

Following a disciplinary hearing, Burks and another inmate were both convicted of fighting and Burks was placed in administrative segregation. Prison officials debited Burks' prison trust account to pay for his hospital bill.

Burks filed the underlying § 1983 complaint alleging that: (1) prison officials knew of a pervasive risk of harm to inmates and failed to institute measures to prevent the attack; (2) Sgt. Felder deliberately failed to do anything to stop the attack once it began; (3) Burks was denied due process at his disciplinary hearing; (4) Burks was unconstitutionally kept in solitary confinement after the attack; and (5) prison officials illegally took money out of Burks' trust account to pay his medical bills.

The district court granted summary judgment in favor of all the Defendants as to all of Burks' claims. For the reasons that follow, we vacate the award of summary judgment with respect to claims (2) and (5) and remand for further proceedings. With respect to the remaining claims, our review of the record discloses no reversible error. Accordingly, we affirm as to those claims for

the reasons stated by the district court.  See Burks v. Pate, No. CA-02-4014-3-20 (D.S.C. Mar. 25, 2004).

This court reviews de novo a district court's order granting summary judgment.  Providence Square Assocs., L.L.C. v. G.D.F., Inc., 211 F.3d 846, 850 (4th Cir. 2000). Summary judgment is appropriate when there is no genuine issue of material fact given the parties' burdens of proof at trial.  See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  In determining whether the moving party has shown that there is no genuine issue of material fact, a court must assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party.  See Smith v. Virginia Commonwealth Univ., 84 F.3d 672, 675 (4th Cir. 1996) (en banc).

With this standard in mind, we find that the district court erred in granting summary judgment in favor of Sgt. Felder on Burks' claim that he failed to take any action to stop the attack. The Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994).  To establish a claim under § 1983 for failure to protect from violence, an inmate must show:  (1) "serious or significant physical or emotional injury," De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003); and (2) that the prison officials had a "sufficiently culpable state of

- 4 -

mind." Farmer, 511 U.S. at 834 (internal quotation marks omitted).

This court has observed that:

> [C]orrectional officers who are present when a violent altercation involving an armed inmate erupts and fail to intervene immediately do not violate the Eighth Amendment if officers are unarmed, unaware of a risk of harm prior to the altercation, and take reasonable steps to intervene safely . . . . By the same token, . . . a correctional officer who stands by as a passive observer and takes no action whatsoever to intervene during an assault violates the rights of the victim inmate. See Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978). Gordon does not suggest whether the officers knew about the potential violence before the attack or whether they were merely present when the fight broke out; nevertheless, the plaintiff stated a viable claim as a result of the officers' failure to take any action whatsoever.

Odom v. South Carolina Dep't of Corrections, 349 F.3d 765, 773 (4th Cir. 2003).

Although the district court determined that Burks had presented evidence of significant physical injury and evidence that Felder could see and hear but did nothing to prevent or stop the attack, the court nevertheless did not believe that the evidence presented by Burks was sufficient to defeat summary judgment. Notwithstanding Burks' affidavit and the affidavit submitted by the inmate witness, the court relied on a photograph submitted by the Defendants with their motion for summary judgment to conclude that "it would have been physically impossible for Felder to see, evaluate or be subjectively aware of the altercation and the risk of harm to Burks."

- 5 -

However, the photographs submitted by the Defendants actually <u>corroborated</u> Burks' (and the witness') version of the events: i.e., that Felder saw the attack but intentionally retreated to a desk where he would be out of sight. Second, Felder's affidavits and the photograph created a genuine issue of material fact--whether or not Felder actually saw the attack and took no action--precluding summary judgment on this claim.

We therefore vacate the award of summary judgment in favor of Sgt. Felder as to this claim and remand to the district court for further proceedings. See <u>Odom</u>, 349 F.3d at 774 ("[W]hen we are presented with two reasonable inferences, we are constrained on summary judgment to accept the one most favorable to the non-moving party").

We also find that the Defendants were not entitled to summary judgment on Burks' claim that they erroneously charged his prison trust account $249 to cover the hospital emergency room treatment he received after the attack.

A prisoner has a protected property interest in his prison trust account. <u>Gillihan v. Shillinger</u>, 872 F.2d 935 (10th Cir. 1989) (holding that prisoner stated a claim under § 1983 based on prison's assessment of transportation costs against his trust account); <u>cf.</u> <u>Washlefske v. Winston</u>, 234 F.2d 179 (4th Cir. 2000) (finding that limited property interest in prison trust account did not extend to any interest earned on that account). Therefore, a

prisoner may not be deprived of those funds without minimum due process.  See <u>Mullane v. Central Hanover Bank & Trust Co.</u>, 339 U.S. 306, 313 (1950) (holding that before one may be deprived of property by adjudication, procedural due process requires prior notice and hearing).  We find no evidence in the record to show that Burks was given notice and an opportunity for a hearing prior to the debiting of his prison trust account.

The district court also concluded that debiting the account was specifically authorized by South Carolina statute.  The South Carolina Code provides that prison authorities may deduct from a prisoner's inmate trust account the costs of "medical treatment for injuries inflicted by the inmate upon himself or others."  S.C. Code Ann. § 24-13-80 (2000).  This statute does <u>not</u> authorize deduction for costs associated with treating injuries <u>to</u> the inmate by other inmates. We therefore vacate the award of summary judgment to the Defendants on this claim as well and remand for further proceedings.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u><br><u>VACATED AND REMANDED IN PART</u>